United States District Court
Northern District of California

DAVID BALL,

        Plaintiff,

    v.

COUNTY OF RIVERSIDE, et al.,

        Defendants.

Case No.: CV 14-80081-MISC-JST (KAW)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

        On March 10, 2014, Plaintiff David Ball filed a motion to compel compliance with subpoena and for an order to show cause why a contempt citation should not be issued to non-party Google, Inc. (Pl.'s Mot., Dkt. No. 1.)  On March 12, 2014, this matter was referred to the undersigned for resolution. (Dkt. No. 5.)  On March 24, 2014, Google filed an opposition. (Dkt. No. 8.)

        The subpoenas are related to Plaintiff's Americans with Disabilities Act action in the Central District of California, which is currently stayed pending the Ninth Circuit's ruling in *Fortuyne v. City of Lomita*. (Pl.'s Mot. at 8.)  The subpoenas seek "**any and all** photos that have been posted **at any time** on http://maps.google.com of Mission Boulevard, between Crestmore Road and Riverview Drive, in Rubidoux, Riverside County, California." (Decl. of Christina Sosa in Supp. of Pl.'s Mot., Dkt. No. 4, Exs. 1 & 2) (emphasis added.)  Plaintiff contends that Google has not complied with validly issued subpoenas for street view photographs for over 1 mile of road in Riverside County. (Pl.'s Mot. at 5.)  Plaintiff argues that he needs these photos, which can only be feasibly obtained using Google's proprietary software, because "none of the documents [produced by defendants] unequivocally depicts the previous existing parking on Mission Boulevard, the way that the pictures in Google's possession would be able to." *Id*. at 6, 15.

Google contends that this undertaking is unduly burdensome, because "Google would have to devote countless hours and resources manually downloading, saving, and producing each photo, as Google does not have the ability to automatically download numerous photos." (Google's Opp'n at 1.)

The subpoenas, as issued, are overbroad and unduly burdensome, and so Plaintiff's motion is DENIED. Should Plaintiff still wish to obtain photographic evidence from Google during the duration of the stay, he is encouraged to serve a new, narrowly-tailored subpoena. Once that occurs, should there be further objection, the parties shall meet and confer as required by the Civil Local Rules prior to seeking court intervention. If those efforts do not entirely resolve the remaining disputes, the parties shall file a joint letter in accordance with the Court's Standing Order.

IT IS SO ORDERED.

Dated: April 25, 2014

KANDIS A. WESTMORE
United States Magistrate Judge